UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

RODLIN EDOUARD,

    Plaintiff,

vs.

WYNWOOD DINER LLC,
a Limited Liability Company, and
MARIO ALONSO, an Individual,

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, RODLIN EDOUARD, by and through her undersigned counsel, and sues the Defendants, WYNWOOD DINER LLC (hereinafter, referred to as "NEW RIVER"), and MARIO ALONSO, individually, (hereinafter, collectively referred to as "Defendants") and allege as follows:

1. That Plaintiff, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.. The gravamen of this case is that the Plaintiff was retaliated against for pursuing his rights under the FLSA in violation of Federal law.

2. That jurisdiction is conferred on this Court by 29 U.S.C. § 215(a)(3) ("anti-retaliation provision"), 28 U.S.C §§ 1331 and 1367, and 42 U.S.C. §2000e-5(f)(3).

3. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. That at all times material hereto, Plaintiff was and is presently a resident of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendants were the employers of the Plaintiff, were conducting business in this judicial district, and whether 'employers' or not under the FLSA, are still subject to the anti-retaliation provision of the FLSA. "The FLSA's prohibition on retaliation is broader than its coverage of minimum wage or overtime wage violations, and applies even if the employee cannot show 'individual coverage' or 'enterprise coverage.'" <u>Obregon v. Jep Family Enterprises, Inc.</u>, 710 F. Supp. 2d 1311, 1314 (S.D. Fla. 2010); <u>see</u> <u>Wirtz v. Ross Packaging Co.</u>, 367 F.2d 549, 550–51 (5th Cir.1966) (the "unambiguous language of the statute refutes the district court's view that either the employee or his employer must be engaged in activities covered by the [FLSA's] wage and hour provisions in order for the strictures against discriminatory discharge to be invoked.").

6. That at all times material hereto, Defendant, MARIO ALONSO individually, acted directly in the interests of his employer, the Defendant, NEW RIVER, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, NEW RIVER.

7. Plaintiff began working for the Defendants on February 22, 2017, as a Sous Chef.

8. During Plaintiff's employment, outside of a brief period of time where Plaintiff was handling the executive sous chef duties from April to July of 2017, Plaintiff was at all times a non-exempt hourly employee.

9. After switching back to a non-exempt employee, Plaintiff was not being paid overtime for all hours worked.

10. Specifically, he would come in at 11 am and not leave until after closing.

11. These hours were increased because WD was having the hourly employees schedules cut and the salaried employees over-worked to keep costs down.

12. On November 5, 2017, Plaintiff had been working the whole day without a break, and

eventually took one.

13. During that break time, inventory was completed without discussing with Plaintiff, and he was confronted with this the next shift.

14. Plaintiff complained that he was not at fault for missing inventory as he had been being overworked without overtime being paid.

15. In turn, he was told that he was terminated because the restaurant went days without supplies since he had not ordered items.

16. However, Plaintiff reviewed the inventory list and the items stated to be missing were in fact there. We have a witness who has confirmed as much.

17. To make matters worse, his last check bounced.

18. While this retaliation did not result in a direct termination of employment, Plaintiff suffered a loss in wages that was a direct result from his complaints of the Defendants' failure to pay overtime compensation.

19. There is no question that the Defendants retaliated against the Plaintiff for his complaints.

<u><b>COUNT I</b></u><br><u><b>FLSA RETALIATION-NEW RIVER</b></u>

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 20 of this Complaint.

21. The Defendant, NEW RIVER's barring of the Plaintiff from working overtime was directly, and undisputedly, in retaliation for his complaints of FLSA violations.

22. The Defendant, NEW RIVER denied the Plaintiff overtime hours for him lawfully having engaged in statutorily protected activity.

23. The Defendant, NEW RIVER's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and

retaliatory conduct, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, RODLIN EDOUARD, demands judgment against the Defendant, NEW RIVER, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA RETALIATION-MARIO ALONSO

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 20 of this Complaint.

24. The Defendant, MARIO ALONSO's barring of the Plaintiff from working overtime was directly, and undisputedly, in retaliation for his complaints of FLSA violations.

25. The Defendant, MARIO ALONSO denied the Plaintiff overtime hours for him lawfully having engaged in statutorily protected activity.

26. The Defendant, MARIO ALONSO's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and retaliatory conduct, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, RODLIN EDOUARD, demands judgment against the Defendant, MARIO ALONSO, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, RODLIN EDOUARD, demands trial by jury.

5

Dated: May 14, 2018. Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida 33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920